## MARKS vs. KING.

The order of proof, on the trial, is, in general, if not always, a matter of discretion with the court, and therefore not reviewable.

In an action brought against the defendant as indorser of a promissory note, the defence was that the indorsement was a forgery. On the trial, the defendant offered to prove that a witness, called by the plaintiff, had been instrumental in getting one B. indicted for the forgery of the note in suit, insisting that if he was so instrumental it militated against, and impaired his opinion, previously given in evidence, to the effect that the indorsement was genuine. *Held*, that this was not necessarily so; and that the evidence was properly excluded.

MOTION for new trial, on a case and exceptions. (*S. C.*, reported briefly, 1 *Hun*, 435 ; 3 *Thomp. & C.*, 778.)

*G. W. Hotchkiss*, for the plaintiff.

*Chapman & Martin*, for the defendant.

*By the Court*, BOCKES, J. This case comes before the court on a case and exceptions, ordered to be heard in the first instance at General Term.

The action was brought against the defendant as indorser of a promissory note made by E. B. Bell, for $2,000, dated April 4, 1870, payable thirty days after date, at the Susquehanna Valley Bank. The defence was, that the indorsement was a forgery. Evidence was given tending to show the genuineness of the indorsement, and letters and admissions of the defendant were introduced bearing on the question, which, uncontradicted and unexplained, fully established the plaintiff's case. Evidence in explanation and in contradiction, however, was given. On all the proof the jury found a verdict for the plaintiff. No suggestion is made that the verdict is unsupported by proof ; but in the course of the trial numerous exceptions were taken to the rulings of the court on questions of law, three of which are

now urged upon our consideration. These alone (those not now urged we must deem to be waived) will be examined. The first and second relate to the admission, and the third to the rejection, of evidence.

(1.) The first question raised by the defendant's counsel is, that the court erred in admitting in evidence the two drafts obtained by Bell, the maker of the note in suit, from the Susquehanna Valley Bank, each for $1,000, and dated March 2d, 1870. Waiving the question of the order of proof, which in general, if not always, is a matter of discretion with the court — hence not reviewable — I am of the opinion that the evidence was competent. As the case stood when the trial closed, on the proof, it might well have been urged before the jury, 1st, that those drafts went to pay a $2,000 note at the Jersey City Bank, on which the defendant was confessedly liable ; 2d, that they were obtained on a note of the same amount, purporting to be indorsed by the defendant, and discounted by the Susquehanna Bank ; to secure which the note in suit was made and indorsed ; and, 3d, that the defendant, never denying his liability on the first note, had in fact repeatedly admitted his liability upon the last one.

There was evidence in the case bearing on these several points ; hence, as the learned judge remarked in his charge, if the jury should find those facts to have existed, it would remain for them to say what weight should be given them in determining the defendant's liability ; which was wholly and flatly denied by him. The transactions connected with these notes bore directly upon the defendant's explanations and denials of the evidence submitted on the part of the plaintiff ; and the leading fact in this line of evidence and logic was this, (if it really had existence,) that those drafts went to defendant's benefit, and that their origin and use were known to him, as might well be presumed from all the

proof in the case. In this view, holding in mind the condition of the case on the evidence submitted on both sides, I am of the opinion that the admission of the evidence, connected with those drafts and their introduction, was not error.

(2.) These considerations, as I think, in effect answer the objection urged to the admission of the check of February 7, 1870. The transactions connected with the discount and payment of the several notes on which the defendant's name appeared, were here properly under examination. For whose benefit they were discounted, and by whom and in what manner they were paid or satisfied, were circumstances proper to be looked into and known. As the case was presented, a wider range of examination on all these points was admissible.

(3.) The offer to show, by the witness, Dickinson, that he was instrumental in getting Bell indicted for the forgery of the note in suit, was manifestly irrelevant and immaterial. It is claimed that if he was so instrumental, it militated against and impaired his opinion previously given in evidence, to the effect that the indorsement was genuine. Not necessarily so. He might have doubted whether the defendant would swear before the grand jury that the indorsement was not his; and might have desired to put the defendant to the test of his oath. So, with a view to try the defendant's sincerity in his assertion that his name on the note was a forgery, he might have aided in procuring his attendance before the grand jury, and thus been in fact instrumental in obtaining the indictment, notwithstanding his settled conviction and full belief that the indorsement was genuine. In the exclusion of the offer there was no error.

The three grounds of error above considered are alone presented for our examination. Neither of these are

deemed to be supported; and it follows that the plaintiff should have judgment on the verdict.

So ordered.(a)

[THIRD DEPARTMENT, GENERAL TERM at Elmira, May 7, 1874. *Miller*, *Bockes* and *Boardman*, Justices.]

(a) Affirmed in Court of Appeals, February 8, 1876. (64 *N. Y.*, 628.)